FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/10/00
BY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

MAY 10   9 40 PM '00

ROBERT H. SHEMWELL,
CLERK
WESTERN DISTRICT
DEPUTY

| | |
|---|---|
| **TEXACO INC. and TEXACO EXPLORATION AND PRODUCTION INC.** | **CV00-0280-LO** |
| | |
| **VERSUS** | **JUDGE MELANCON** |
| | |
| **VERMILION PARISH SCHOOL BOARD** | **MAGISTRATE JUDGE TYNES** |

## <u>MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(7)</u>

NOW INTO COURT, through undersigned counsel, comes defendant, the Vermilion Parish School Board (VPSB) who moves this Court to dismiss the present action under Rule 12(b)(1) AND 12(b)(7) of the Federal Rules of Civil Procedure (FRCP) for the following reasons:

1.

Texaco Inc. and Texaco Exploration and Production Inc. (Texaco) filed the present declaratory judgment action (DJA) against the Vermilion Parish School Board (VPSB) in response to a notice letter sent by the VPSB on December 23, 1999 to Texaco pursuant to Louisiana Mineral Code Article 137.

2.

The subject mineral lease(s) of the notice letter of VPSB and this DJA filed by Texaco concerns sixteenth section lands located in Vermilion Parish.



1

3.

The State of Louisiana (State) is the owner of and has title to sixteenth section lands. La. R.S. 41:921; La. R.S. 41:924; La. R.S. 41:961; and La. R.S. 41:964.

4.

Although the VPSB is authorized by the State to lease sixteenth section lands for the development and production of minerals, the State, as the owner of the sixteenth section lands subject to the mineral lease executed by the VPSB, is an indispensable party in this DJA under FRCP 19.

5.

Texaco has failed to join an indispensable party as required under FRCP 19.

6.

As a matter of law, this suit against the VPSB is, in effect, a suit against the State.

7.

The State and the VPSB are immune from suit in federal court under the Eleventh Amendment to the Constitution of the United States.

8.

Diversity jurisdiction under 28 U.S.C. § 1332 is lacking in this DJA.

9.

Therefore, this action must be dismissed pursuant to FRCP 12(b)(1) and 12(b)(7).

**WHEREFORE,** defendant, the Vermilion Parish School Board, prays that this Honorable Court grants its Motion To Dismiss under FRCP 12(b)(1) and 12(b)(7) for the reasons more fully set forth in the accompanying memorandum in support.

Respectfully submitted,

**ROBERT K. HAMMACK, Esq.** (LSB #20210)
Attorney at Law
556 Jefferson St., Suite 300
Lafayette, Louisiana 70501
(337) 233-3033

**MICHAEL V. ARDOIN, Esq.** (LSB #22728)
556 Jefferson St., Suite 300
Lafayette, Louisiana 70501
(337) 233-3033

**BOB F. WRIGHT, Esq.** (LSB #13691)
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson St., Suite 500
Lafayette, Louisiana 70501
(337) 233-3033

**SPENCER HOSIE, T.A.** (#101777 CA)
**JOHN McARTHUR** (#159793 CA)
Hosie, Frost, Large and McArthur
One Market Street, 22nd Floor
San Francisco, CA  94105
(415) 247-6000

**WILLIAM F. LARGE**  (#9611067 AK)
Hosie Frost, Large and McArthur
711 M Street - Suite #4
Anchorage, AK  99501
(907) 258-1652

3

**JULES B. LEBLANC, III** (LSB # 8201)
**CHARLES S. LAMBERT, JR.**  (LSB #21685)
LeBlanc, Maples & Waddell, LLC
5353 Essen Lane - Suite 420
Baton Rouge, Louisiana 70809
(225) 768-7222

ATTORNEYS FOR VERMILION PARISH
SCHOOL BOARD

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been forwarded to all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 10th day of May, 2000.

**ROBERT K. HAMMACK**

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE
BY
LOUISIANA

# UNITED STATRES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEXACO INC. and TEXACO EXPLORATION AND PRODUCTION INC.** | **CV NO. 00-0280-LO** |
| **VERSUS** | **JUDGE MELANCON** |
| **VERMILION PARISH SCHOOL BOARD** | **MAGISTRATE JUDGE TYNES** |

# MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(7)

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | THE STATE AND ITS AGENCIES MAY NOT BE SUED IN FEDERAL COURT BASED ON DIVERSITY JURISDICTION | 2 |
| III. | THE STATE IS AN INDISPENSABLE PARTY TO THIS DJA | 4 |
| | A. Right Of The State To Protect Its Mineral Rights | 4 |
| | B. The State Has The Right To Dispute Texaco's Claims In This Matter | 6 |
| IV. | THE VPSB IS AN AGENT OR ARM OF THE STATE | 9 |
| | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

Andrus v. Utah, 446 U.S. 500, 100 S.Ct. 1803,
1814-1815, 64 L.Ed.2d 458 (1980)........................................   7

Citrano v. Allen Correctional Center, 891 F.Supp. 312, 320
(W.D.La. 1995)..................................................................   3

Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct 1347
1360-61, 39 L.Ed.2d 662 (1974)........................................   2

Farias v. Bexar County Board of Trustees for Mental Health Mental
Retardation Services, 925 F.2d 866, 874 (5th Cir.), cert. denied,
502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991)............   9, 12

International Primate Protection League v. Administrators
Of Tulane Educational Fund, 500 U.S. 72, 89, 111 S.Ct
1700, 114 L.Ed.2d 134, 59 USLW 4424 (1991).....................   4

Jacintoport Corp. v. Greater Baton Rouge Port Com'n,
762 F.2d 435, 438-439 (5th Cir. 1985)................................   9

Kimball v. Allstate Ins. Co., 97-2885 at p. 14  (La. 4/14/98) 712
So.2d 46, 57.....................................................................   3

Lake Country Estates, Inc. v. Tahoe Regional
Planning Agency 440 U.S. 391, 99 S.Ct. 1171,
59 L.Ed.2d 401, (1979)......................................................   9

Louisiana Land & Exploration Co. v. State Mineral Board, 229
F.2d 5, 7 (5th Cir. 1956)...................................................   10, 11

Minton v. St. Bernard Parish School Bd., 803 F.2d 129
131 (5th Cir 131 1986)....................................................   11

Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct.
1785, 1799, 36 L.Ed.2d 596 (1973)....................................   11

State v. F. B. Williams Cypress Co., 131 La. 62, 58 So.
1033 (1912.......................................................................   8

State of Louisiana by School Board of Parish of Tangipahoa
v. William T. Joyce, Co., 261 F. 128, 132 (5th Cir. 1919)......   7

i

State of Louisiana, Through the Department of Highways v.
City Of Pineville, 403 So.2d 49, 52 (La. 1981)............................    8

State v. Texas Co., et al., 205 La. 417, 425, 17 So.2d 569, 572
(La. 1944)...................................................................    4,5,6,
     10,11

Tardan v. Chevron Oil Co., 463 F.2d 651 (5th Cir. 1972)............    11, 12

Terrebonne Parish School Bd. for Use and Benefit
of Public Schools of Terrebonne Parish v. Texaco, Inc.,
178 So.2d 428, 430 (La.App. 1st Cir. 1965)...........................    6, 7, 8

Todd v. State, Through Dept. of Natural Resources, 456 So.2d
1340, 1359 (La. 1983).......................................................    8

Tradigrain, Inc. v. Mississippi State Port Authority, 701 F.2d 1131,
1132 (5th Cir. 1983).........................................................    9

## STATUTES

U.S.C.A. Const. Amend. 11..................................................    2, 3

28 U.S.C. § 1332...........................................................    11

FRCP 12(b)(1)..............................................................    1, 13

FRCP 12(b)(7)..............................................................    1,9,13

FRCP 12(h)(3)..............................................................    13

FRCP 19....................................................................    4, 13

FRCP 19(b).................................................................    9

La. Const. Art. 9, § 4 (B).................................................    8

La. Const. Art. 12, § 10...................................................    3, 4

La. C.C. art. 3494(5)......................................................    8

La. Mineral Code Art. 137..................................................    1

La. R.S. 13:5101 et seq.…………………………………………… 3

La. R.S. 13:5101(B)…………………………………………… 3

La. R.S. 13:5102(B)…………………………………………… 4

La.R.S. 13:5106…………………………………………… 3

La. R.S. 13:5106(A)…………………………………………… 3

La. R.S. 30:121, 124—129…………………………………… 10

La. R.S. 30:151 et seq.…………………………………………… 5

La. R.S. 30:152(A)………………………………………… 5

La. R.S. 30:153………………………………………… 5

La. R.S. 30:154(C)………………………………………… 5

La. R.S. 30:155. ………………………………………… 5

La. R.S. 30:158. ………………………………………… 6

La. R.S. 41:921. ………………………………………… 6, 8

La. R.S. 41:924………………………………………… 6, 8

 La. R.S. 41:961………………………………………… 6, 8

La. R.S. 41:964………………………………………… 6, 8

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**TEXACO INC. and TEXACO EXPLORATION AND PRODUCTION INC.**

**VERSUS**

**VERMILION PARISH SCHOOL BOARD**

CV00-0280-LO

**JUDGE MELANCON**

**MAGISTRATE JUDGE TYNES**

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS UNDER FRCP 12(b)(1) AND 12(b)(7)

NOW INTO COURT, through undersigned counsel, comes defendant, the Vermilion Parish School Board (VPSB) to present this memorandum in support of the VPSB's Motion To Dismiss Under Rule 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure (FRCP). As a matter of law, this Court lacks jurisdiction over the subject matter of the present declaratory judgment action (DJA) filed against the VPSB by Texaco Inc. and Texaco Exploration and Production, Inc. (Texaco). Texaco failed to join the State of Louisiana (State), an indispensable party, in the DJA as discussed below. Diversity jurisdiction is lacking in this DJA as the State is immune from suit in federal court under the Eleventh Amendment to the Constitution of the United States. Therefore, this action must be dismissed pursuant to FRCP 12(b)(1) and 12(b)(7).

## I. BACKGROUND

On December 23, 1999, the VPSB sent a notice letter to Texaco under Louisiana Mineral Code Article 137 asserting that Texaco underpaid royalties in breach of express and implied obligations set forth in the mineral lease executed by the VPSB and

1

Texaco's assignor.  Texaco filed the present DJA against the VPSB in response to the issues raised in the VPSB notice letter.

The subject mineral lease of the notice letter of VPSB and this DJA filed by Texaco concerns sixteenth section lands owned by the State which are located in Vermilion Parish.  Although the VPSB is authorized by the State to lease sixteenth section lands for the development and production of minerals, the State is an indispensable party in this DJA for two independent and sufficient grounds as discussed below:  1.  The State retains the right to sue or be sued on matters concerning its mineral interests on sixteenth section lands owned by the State, including those interests administered by the VPSB; and 2.  The State is indispensable in this action in order to dispute the claims made by Texaco that it has properly and correctly paid royalties to the VPSB and that the claims of the VPSB for underpayment of royalties are subject to prescription.  For these reasons, the State is an indispensable party to this DJA and the Court must dismiss this action as subject matter jurisdiction is lacking.

## II.    THE STATE AND ITS AGENCIES MAY NOT BE SUED IN FEDERAL COURT BASED ON DIVERSITY JURISDICTION

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974)(holding that a state's consent to suit against it in federal court must be expressed "unequivocally").

The Western District discussed Louisiana's sovereign immunity under the Eleventh Amendment in Citrano v. Allen Correctional Center and found that "The State of Louisiana has waived sovereign immunity in tort contract suits but it has not waived its immunity under the Eleventh Amendment from suit in federal court. U.S.C.A. Const. Amend. 11; La. R.S. 13:5106; La. Const. Art. 12, § 10." Citrano v. Allen Correctional Center, 891 F.Supp. 312, 320 (W.D.La. 1995).

The Louisiana Constitution of 1974 contains an absolute prohibition against immunity from suit and immunity from liability in contract and tort suits against the state or its agencies or political subdivisions. Kimball v. Allstate Ins. Co., 97-2885 at p. 14 (La. 4/14/98) 712 So.2d 46, 57. Waiver of Louisiana's sovereign immunity is set forth in Art. 12, § 10 of the Constitution of 1974 which provides:

> (A)   No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
>
> (B)   Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
>
> (C)   Limitations; Procedure; Judgments. . . . [The legislature] shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment . . ."

Pursuant to Art. 12, § 10(C) of the Louisiana Constitution of 1974, the State Legislature enacted the Louisiana Governmental Claims Act, La. R.S. 13:5101 et seq., which establishes procedural rules that apply "to any suit in contract" against the state or political subdivision. La. R.S. 13:5101(B). Specifically, La.R.S. 13:5106(A) provides: "No suit against the state or a state agency or political subdivision shall be instituted in

any court other than a Louisiana state court."  The term "political subdivision" includes "school board." La. R.S. 13:5102(B).  Therefore, the State or the VPSB may not be sued in federal court on matters related to the mineral leases executed with Texaco as it is a suit in contract.  Moreover, this DJA filed against the VPSB by Texaco in federal court lacks subject matter jurisdiction as the action failed to join the State, an indispensable party, and/or the action is, in effect, a suit against the State as the VPSB is "an arm of the State."

### III.   THE STATE IS AN INDISPENSABLE PARTY TO THIS DJA

#### A. Right Of The State To Protect Its Mineral Rights

The VPSB contends that the State is an indispensable party to this DJA and must be joined pursuant to FRCP 19.   The question of whether the State is an indispensable party to the DJAs turns on a question of Louisiana law. International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134, 59 USLW 4424 (1991).  In the seminal case of State v. Texas Co., et al., the Louisiana Supreme Court discussed the authority of the State and State Mineral Board (SMB) to protect the mineral interests of the State.  In that case, the defendant challenged the authority of State, through the Attorney General (AG), to institute and prosecute the action concerning mineral leases executed by the SMB.  The defendant argued that the SMB, not the State, was the proper party plaintiff. The Court rejected this argument and stated as follows:

> "It is true that the created State Mineral Board was thereby vested with authority to lease any state lands; that it was given full supervision of all mineral leases awarded by the state; and that it was granted the power to institute actions to annul any such lease.   But these conferred authorizations were not declared by the Legislature to be exclusive.

> Neither has the state transferred to the board title to its lands and mineral rights.
>
> The State Mineral Board, by the statute, has been designated merely the agent of the state to supervise and handle that portion of its affairs which deals with the development of its lands for mineral purposes, and to this end the agent is permitted the right, concurrently with the principal (state), to institute actions in nullity. The board may be likened to an agent of an individual property owner who (agent) has been granted full, but not exclusive, authority in the management and supervision of the owner's holdings, with power to bring suits respecting the property. In such case certainly the owner has not precluded himself to institute all necessary actions." State v. Texas Co., et al., 205 La. 417, 425-426, 17 So.2d 569, 572 (La. 1944).

Despite the creation of the SMB to execute and administer mineral leases on State-owned lands, the Louisiana Supreme Court recognized that the State has not been divested of "the right to sue or be sued in its own name on matters pertaining to its mineral interests; all suits of that nature then were in the name of the state proper, whether as plaintiff or defendant." State v. Texas Co., et al., 205 La. 417, 425, 17 So.2d 569, 572 (La. 1944).   Accordingly, the court found that the State, as the owner of the lands subject to the mineral leases executed by the SMB, had the right to file suit to protect the State's mineral rights as administered by the SMB.

Through the statutory scheme of La. R.S. 30:151 et seq., the SBs are also designated as agents of the State to develop the sixteenth section lands for mineral purposes. A SB is given election either to execute mineral leases on sixteenth section school lands itself or to have lands leased by the SMB. La. R.S. 30:153; La. R.S. 30:154(C); and La. R.S. 30:155. La. R.S. 30:152(A) provides that SBs "are authorized to lease sixteenth section lands for the development and production of minerals." However, the authority of a SB, like the VPSB, to lease sixteenth section lands is more limited when compared to the authority granted to the SMB to lease State-owned lands.

To wit:  no lease executed by a SB is valid unless it obtains approval of the SMB. La. R.S. 30:158.  Further, a lease not approved by the SMB and countersigned by the duly authorized officer of the SMB is null and void. Id.   Therefore, the SMB and SBs jointly authorize and approve the mineral leases for sixteenth section lands owned by the State.

Applying the principles set forth in State v. Texas Co., et al. to the present case, the State, as the owner of the sixteenth section lands subject to the mineral lease executed by the VPSB, has the right to intervene in this DJA to protect its mineral rights administered by the VPSB.  Sixteenth section lands were reserved and set aside by the Congress of the United States for the public schools of the township in which such lands are located. Terrebonne Parish School Bd. for Use and Benefit of Public Schools of Terrebonne Parish v. Texaco, Inc., 178 So.2d 428, 431 (La.App. 1st Cir. 1965).  The State has never legally parted with the title to sixteenth section lands. La. R.S. 41:924; La. R.S. 41:961; La. R.S. 41:964; Terrebonne Parish School Bd. for Use and Benefit of Public Schools of Terrebonne Parish v. Texaco, Inc., 178 So.2d 428, 430.  The State has not transferred title to the sixteenth section lands to the school boards (SBs). La. R.S. 41:921.   Under the clear holding of State v. Texas Co., et al., the State has the right to take all necessary actions to protect its mineral interests administered by the VPSB and is an indispensable party in this DJA.

## B. The State Has The Right To Dispute Texaco's Claims In This Matter

When Louisiana was admitted into the United States, the sixteenth section lands were transferred to the State subject to "a binding and perpetual obligation to use the granted lands for the support of public education.  All revenue from the sale or lease of

the school grants was impressed with a trust in favor of the public schools." <u>Andrus v.</u> <u>Utah</u>, 446 U.S. 500, 100 S.Ct. 1803, 1814-1815, 64 L.Ed.2d 458 (1980)(Justice Powell dissenting); <u>See</u> also <u>State of Louisiana by School Board of Parish of Tangipahoa v.</u> <u>William T. Joyce, Co.</u>, 261 F. 128, 132 (5th Cir. 1919).  The courts of Louisiana have acknowledged that "title is held in trust for the benefit of public schools which trust has been recognized by state laws." <u>Terrebonne Parish School Bd. for Use and Benefit of</u> <u>Public Schools of Terrebonne Parish v. Texaco, Inc.</u>, 178 So.2d 428, 430-431 (La.App. 1st Cir. 1965).

Mandated by this trust, the State is obligated to ensure that <u>all</u> revenues, such as the mineral royalties sought by the VPSB in its notice letter to Texaco, on the sixteenth section lands are collected and dedicated for educational purposes.  Therefore, the State has a direct interest in the DJA to protect its mineral interests administered by the VPSB by directly challenging Texaco's claims that it has correctly and properly paid royalties on these interests and that prescription applies to the claims of the VPSB.

The VPSB has received royalties pursuant to mineral leases executed with Texaco, its predecessors, affiliates or assignors, on the sixteenth section lands located in Vermilion Parish.  There was significant mineral production on the sixteenth section lands leased by the VPSB which occurred more than three years ago.  Texaco has asserted in the DJA that the royalty claims of the VPSB "have prescribed in whole or in part." <u>See</u> Paragraph 46 of Texaco's DJA.  If Texaco prevails in its position that the claims of the VPSB are subject to prescription, the potential value of the VPSB's claims for royalty underpayments from Texaco would be significantly reduced as the large damage years predate the three year prescriptive period.

The Louisiana Supreme Court has held that "when the state holds title to property, prescription cannot run, notwithstanding the fact that the property is administered by a state agency. State v. F. B. Williams Cypress Co., 131 La. 62, 58 So. 1033 (1912)." State of Louisiana, Through the Department of Highways v. City Of Pineville, 403 So.2d 49, 52 (La. 1981).  The State has never legally parted with the title to sixteenth section lands. La. R.S. 41:921; La. R.S. 41:924; La. R.S. 41:961; La. R.S. 41:964; Terrebonne Parish School Bd. for Use and Benefit of Public Schools of Terrebonne Parish v. Texaco, Inc., 178 So.2d 428, 430 (La.App. 1st Cir. 1965). Moreover, it is well settled that the mineral interests of the State are not subject to prescription. La. Const. Art. 9, § 4 (B); La. C.C. art. 3494(5).  Therefore, the mineral interests attendant to the sixteenth section lands owned by the State, but administered by the VPSB, are not subject to prescription.

The Supreme Court of Louisiana has stated that it is "the strong public policy of the state" "to protect the wealth of its lands and minerals, all of which reside in the people of this State" by prohibiting the application of prescription to the State's lands and minerals. Todd v. State, Through Dept. of Natural Resources, 456 So.2d 1340, 1359 (La. 1983).   The State is indispensable in the DJA to dispute Texaco's claim that prescription applies to the State's mineral interests administered by the VPSB.

Based on the State's direct and real interests in the DJA, the State is an indispensable party in this action to challenge the claims made by Texaco that it has properly and correctly paid royalties to the VPSB and that the claims of the VPSB for underpayment of royalties are subject to prescription.  The State must be joined in this

matter as it is an indispensable party under FRCP 19(b) even though its joinder would deprive the court of jurisdiction.

## IV. THE VPSB IS AN AGENT OR ARM OF THE STATE

Immunity under the Eleventh Amendment extends to the states and to those entities so substantially intertwined with the state as to be considered an "arm of the state." Lake Country Estates, Inc. v. Tahoe Regional Planning Agency 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401, (1979). Whether a state is the real party in interest in a suit brought against a defendant which appears to be its alter ego is determined on a case-by-case basis. Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 874 (5th Cir.), cert. denied, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). In this present matter, the VPSB administers the mineral interests of the State as the agent of the State and is, therefore, "an arm of the state."

In the Fifth Circuit, a factor that "subsumes all others" is the treatment of the entity in state courts in determining immunity under the Eleventh Amendment. Jacintoport Corp. v. Greater Baton Rouge Port Com'n, 762 F.2d 435, 438-439 (5th Cir. 1985). The overarching importance of this factor was reiterated in the analogous inquiry of citizenship for diversity jurisdiction. Tradigrain, Inc. v. Mississippi State Port Authority, 701 F.2d 1131, 1132 (5th Cir. 1983). Federal courts attempt thereby to ascertain whether the entity is "separate and distinct" or whether the action is "in effect, a suit against the State" barred by the Eleventh Amendment. Louisiana Land & Exploration Co. v. State Mineral Board, 229 F.2d 5, 7 (5th Cir. 1956).

The question of whether or not an agency is a distinct separate legal entity from the state must be determined by state law. Louisiana Land & Exploration Co. v. State Mineral Board, 229 F.2d 5, 7 (5th Cir. 1956) cert. denied 351 U.S. 965, 76 S.Ct. 1029, 100 L.Ed. 1485. In Louisiana Land & Exploration Co., the Fifth Circuit examined the relationship between the State Mineral Board (SMB) and the State to determine whether the SMB was "an arm of the State". The Court reviewed and relied upon the pronouncements made by the Louisiana Supreme Court in State v. Texas Co. et al., 205 La. 417, 17 So.2d 569 (La. 1944) and summarized the case as follows:

> "There, [the Louisiana Supreme Court] likened the State Mineral Board to an agent of an independent property owner who had been granted full, but not exclusive, authority in the management and supervision of the owner's holdings. Thus, the fact that the legislature chose to call it a corporation does not alter the Board's characteristics so as to make it something other than what it actually is, a mere agent of the State. Accordingly, it is clear that when the Board sues or is sued, it appears in court as an agent of its principal, the State. We, therefore, are of the opinion that this suit against the State Mineral Board, a mere agency or arm of the State, is in effect, a suit against the State which may not be sued by a citizen of another state under the Eleventh Amendment to the Constitution of the United States." Louisiana Land & Exploration Co., 229 F.2d at 8.

Accordingly, the Fifth Circuit found that SMB is the State for jurisdictional purposes. Id. The court reached this finding despite the fact that the SMB is a body corporate with the usual powers incident to corporations including the right to sue and be sued; is also vested with authority to lease any state lands; and is given full supervision of all mineral leases awarded by the State, with the power to institute actions to annul any such lease. La. R.S. 30:121, 124--129.

The holding of Louisiana Land & Exploration Co. v. State Mineral Board was followed by the Fifth Circuit in Tardan v. Chevron Oil Co., 463 F.2d 651 (5th Cir. 1972). In Tardan, the Fifth Circuit held that "it is clear that when the Board sues or is sued, it

appears in court as an agent of its principal, the State. We, therefore, are of the opinion that this suit against the State Mineral Board, a mere agency or arm of the State, is in effect, a suit against the State which may not be sued by a citizen of another state under the Eleventh Amendment to the Constitution of the United States." Tardan, 463 F.2d at 652.

Applying the principles set forth in Louisiana Land & Exploration Co., Tardan and State v. Texas Co., et al. to the present case, the VPSB is an agent and an arm of the State when it administers the mineral leases on the sixteenth section lands owned by the State.  Therefore, under Louisiana Land & Exploration Co., suit against the VPSB in any controversy arising out of the VPSB's leasing or management of (State-owned) sixteenth section lands is in effect a suit against the State which is barred by the Eleventh Amendment.  And, as a consequence of said Eleventh Amendment bar of suit against the VPSB in its capacity as agent of the State with regard to sixteenth section lands, this Honorable Court is deprived of jurisdiction over this case. 28 U.S.C. § 1332; Moor v. County of Alameda, 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973).

Federal courts have held that school boards are amenable to suit in federal court and are not entitled to claim the Eleventh Amendment immunity from suit, e.g.  Minton v. St. Bernard Parish School Bd., 803 F.2d 129, 131 (5th Cir. 1986)(Parish school boards are local independent agents not shielded by the state's Eleventh Amendment immunity).  However, the nature of the actions of the school boards in those cases are easily distinguished from the matter at hand.

The determination of whether a state is the real party in interest in a suit brought

against a defendant which appears to be its alter ego is determined on a case-by-case basis. <u>Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services</u>, 925 F.2d 866, 874 (5th Cir.), cert. denied, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991).  In the present case, because the State owns the sixteenth section lands which are administered by the VPSB, the VPSB is acting as an arm of the State in the leasing and management of such lands.  Therefore, the VPSB is not amenable to suit in federal court with regard to controversies arising out of its activities as agent for the State in the administration of the sixteenth section lands.

Even if the court were to find that the VPSB is not the agent of the State for purposes of this DJA affecting sixteenth section lands, defendant would respectfully remind the Court that the State must be joined as an indispensable party to this DJA because its retains ownership and title to said lands.  As record title holder, the State must be allowed to protect its ownership interest in said sixteenth section lands by disputing plaintiff's claims that it has correctly and properly paid royalties under the leases covering said lands and that prescription applies to the claims of the VPSB (the State) arising out of said leases.

## CONCLUSION

In the final analysis, this DJA should be dismissed for two reasons.  First, as record title owner, the State is an indispensable party whose joinder is mandated by FRCP 19.  Second, suit against the VPSB is, in effect, suit directly against the State when the controversy arises out of lease on sixteenth section lands because the VPSB acts as the agent or arm of the State in leasing and managing said lands.  It matters not whether the DJA is viewed as a suit directly against the State or joinder of the State is

12

mandated by its status as an indispensable party-- under either analysis, the Eleventh

Amendment bars this action and the Court must dismiss pursuant to FRCP 12(b)(1) for

lack of jurisdiction and FRCP 12(b)(7) failure to join an indispensable party under FRCP

19.  In addition, this Court should take notice pursuant to FRCP 12(h)(3) that it lacks

jurisdiction over the subject matter and dismiss this action.

Respectfully submitted,

ROBERT K. HAMMACK, Esq. (LSB #20210)
Attorney at Law
556 Jefferson St., Suite 300
Lafayette, Louisiana 70501
(337) 233-3033

MICHAEL V. ARDOIN, Esq. (LSB #22728)
Attorney at Law
556 Jefferson St., Suite 300
Lafayette, Louisiana 70501
(337) 233-3033

BOB F. WRIGHT, Esq. (LSB #13691)
DOMENGEAUX, WRIGHT, ROY & EDWARDS
556 Jefferson St., Suite 500
Lafayette, Louisiana 70501
(337) 233-3033

SPENCER HOSIE, T.A. (#101777 CA)
JOHN McARTHUR (#159793 CA)
Hosie, Frost, Large and McArthur
One Market Street, 22nd Floor
San Francisco, CA  94105
(415) 247-6000

WILLIAM F. LARGE  (#9611067 AK)
Hosie Frost, Large and McArthur
711 M Street - Suite #4
Anchorage, AK  99501
(907) 258-1652

JULES B. LEBLANC, III (LSB # 8201)
CHARLES S. LAMBERT, JR.  (LSB #21685)
LeBlanc, Maples & Waddell, LLC
5353 Essen Lane - Suite 420
Baton Rouge, Louisiana 70809
(225) 768-7222

ATTORNEYS FOR VERMILION PARISH
SCHOOL BOARD


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been forwarded to all known counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 10th day of May, 2000.


ROBERT K. HAMMACK



# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**TEXACO INC. and TEXACO
EXPLORATION AND PRODUCTION
INC.**

**CV00-0280-LO**

**VERSUS**

**JUDGE MELANCON**

**VERMILION PARISH SCHOOL BOARD**

**MAGISTRATE JUDGE TYNES**

## <u>ORDER</u>

Considering the Motion To Dismiss and the memorandum in support filed by defendant, the Vermilion Parish School Board, pursuant to Rule 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure:

IT IS HEREBY ORDERED that the Motion To Dismiss filed by defendant, the Vermilion Parish School Board, pursuant to Rule 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure, be and are hereby GRANTED.

Lafayette, Louisiana, this _____ day of _____, 2000.

_____
JUDGE, TUCKER L. MELANCON
WESTERN DISTRICT OF LOUISIANA

*Order*

**Robert K. Hammack**
Attorney at law
556 Jefferson Street
Lafayette, LA 70501

Telephone 318-233-3033                                                                     Fax 318-232-8213

May 10, 2000

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _5_,_10_,_00_

**VIA HAND DELIVERY**

Ms. Catherine B. Carter
Deputy Clerk-In-Charge
Lafayette-Opelousas Division
USDC, Western District of Louisiana
800 Lafayette Street, Suite 2100
Lafayette, LA 70501

> RE:   *Texaco, Inc., et al vs. Vermilion Parish School Board*
> United States District Court, Western District of Louisiana
> Civil Action CV00-080-LO

Dear Ms. Carter:

Enclosed please find the original and one copy of a Motion to Dismiss Under FRCP 12(b)(1) and 12(b)(7), along with a Memorandum in Support of Motion to Dismiss Under FRCP 12(b)(1) and 12(b)(7) in the above referenced cause. Please file the original into the record and forward one copy to the Judge for consideration.

Thank you for your assistance in this regard.

Yours very truly,

Robert K. Hammack

RKH/dgv
Enclosure
cc:   Joe Norman
      Co-Counsel