


UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| TEXACO, INC., ET AL | * | CIVIL ACTION NO. 00-0280 |
| VERSUS | * | JUDGE MELANÇON |
| VERMILION PARISH SCHOOL BOARD | * | MAGISTRATE JUDGE TYNES |

### REPORT AND RECOMMENDATION

Pending before the court is the Motion to Dismiss Under FRCP 12(b)(1) and 12(b)(7) filed by defendant, the Vermilion Parish School Board ("School Board"), on May 10, 2000. (Document No. 7). Plaintiffs, Texaco, Inc. and Texaco Exploration & Production, Inc. ("Texaco"), have filed opposition. (Document No. 9).

### BACKGROUND

By letter dated December 23, 1999, the School Board made demand upon Texaco for additional royalties on natural gas liquids which it alleged that Texaco had underpaid pursuant to a mineral lease executed by the School Board and Texaco. (Complaint, Exhibit "B"). The lease covered sixteenth section lands, which are lands donated by the Congress of the United States to the State of Louisiana in trust for public school purposes. LSA-R.S. 41:924. LSA-R.S. 30:152 authorizes school boards to lease sixteenth section lands for the development and production of minerals.

On February 16, 2000, Texaco brought a declaratory judgment action in this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, seeking a judgment declaring that the School Board was not entitled to the additional royalties demanded in the letter. The School Board filed the instant motion to dismiss under Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(7)



(failure to join a party under Rule 19) on May 10, 2000, asserting that: (1) the State of Louisiana is an indispensable party under FRCP 19, as the lease covers sixteenth section lands owned by the State, and the State is indispensable in this action to dispute Texaco's claims that it has properly paid royalties and that the School Board's claims are subject to prescription; and (2) the School Board is an agent or arm of the State and, as such, is immune from suit under the Eleventh Amendment to the United States Constitution.

## LAW AND ANALYSIS

Under the Eleventh Amendment to the United States Constitution:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S.Const. amend. XI.

The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Richardson v. Southern University, 118 F.3d 450, 451 (5th Cir. 1997); Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir.1991) (citing Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 185-86 (5th Cir.1986)); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-02, 104 S.Ct. 900, 907-08, 79 L.Ed.2d 67 (1984). The amendment also prohibits suits against state agencies when "the state is the real, substantial party in interest." Hughes v. Savell, 902 F.2d 376, 377 (5th Cir. 1990) (citing Ford Motor Company v. Dept. of Treasury of Indiana, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945)). The state is the real party in interest if the decision rendered in a case would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the state to act or to refrain from acting. *Id.* (citing Pennhurst State

School and Hospital v. Halderman, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)).

The School Board first argues that the State of Louisiana and its agencies, such as the School Board, may not be sued in federal court based on diversity jurisdiction. In support of this argument, the School Board cites LSA-R.S. 13:5106(A), which provides: "No suit against a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

This identical argument was rejected by the Fifth Circuit in In re Allied-Signal, Inc., 919 F.2d 277 (5th Cir. 1990). There, the court considered the issue of "whether a political subdivision, which pursuant to [LSA-R.S. 13:5106(A)] may be only sued in the state courts of Louisiana, and which, we assume, does not enjoy Eleventh Amendment immunity,[1] may be sued in federal district court under diversity of citizenship jurisdiction." Id. at 278. The Fifth Circuit first noted a distinction between common law sovereign immunity, which is determined by state law, and Eleventh Amendment immunity, which is determined under federal standards. Id. at 281 n. 4. After distinguishing those concepts, the court determined that "political subdivisions that have waived common law immunity, but that do not enjoy Eleventh Amendment immunity under federal law, can be sued in federal courts under diversity jurisdiction without regard to state statutory provisions to the contrary." Id. In conclusion, the court found that the district court erred in viewing LSA-R.S. 5106(A) as eliminating all substantive causes of action available against political subdivisions in the federal courts. Thus, the School Board's first argument lacks merit.

---

[1] The Supreme Court has consistently refused to construe the Eleventh Amendment to afford protection to political subdivisions, including school boards. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 401, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979); Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977).

Next, the School Board argues that the state is an indispensable party which must be joined pursuant to Fed.R.Civ.P. 19. Although the School Board initially asserts that "[t]he question of whether the State is an indispensable party to the [declaratory judgment actions] turns on a question of Louisiana law" (Document No. 6, p. 4), this contention is inaccurate. Actually, indispensability is an issue determined by federal law; however, state law defines the substantive rights of the parties and the interests concerned. Lone Star Industries, Inc. v. Redwine, 757 F.2d 1544, 1548 n. 3 (5th Cir. 1985).

Rule 19 provides, in pertinent part:

> **(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .
>
> **(b) Determination by Court Whenever Joinder not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The School Board argues that the state is an indispensable party because it holds title to the sixteenth section lands. In support of its argument, the School Board cites State v. Texas Co., 205 La. 417, 17 So.2d 569 (1944), which held that the state, as well as the Louisiana Mineral Board, was

4

authorized to bring an action to cancel a mineral lease. By analogy, the School Board reasons that the state, as owner of the sixteenth section lands, is an indispensable party to this action.

The School Board's analogy to the mineral board fails, however, because the Louisiana Mineral Board has been expressly recognized by the Fifth Circuit to be "a mere agent or arm of the state" which is entitled to eleventh amendment immunity. Tardan v. Chevron Oil Company, 463 F.2d 651, 652 (5th Cir. 1972); Louisiana Land and Exploration Co. v. State Mineral Board, 229 F.2d 5 (5th Cir. 1956). By contrast, the Fifth Circuit has specifically held that parish school boards are local independent agents which are not shielded by the state's eleventh amendment immunity. Minton v. St. Bernard Parish School Board, 803 F.2d 129, 131 (5th Cir. 1986).

The Fifth Circuit has taken a case-by-case approach to determining whether a State is the real party in interest in suits brought against entities which appear to be alter egos of that State. In particular, the court has said that " '[a] federal court must examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state itself.' " Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs., 925 F.2d 866, 874 (5th Cir.) (quoting Laje v. R.E. Thomason Gen. Hosp., 665 F.2d 724, 727 (5th Cir.1982)), *cert. denied*, 502 U.S. 866, 112 S.Ct. 193, 116 L.Ed.2d 153 (1991). Six factors guide the Fifth Circuit's determination of whether an agency is the arm of the State, and they are as follows:

> (1) whether the state statutes and case law characterize the agency as an arm of the state;
>
> (2) the source of the funds for the entity;
>
> (3) the degree of local autonomy the entity enjoys;
>
> (4) whether the entity is concerned primarily with local, as opposed to state-wide problems;

5

  (5) whether the entity has authority to sue and be sued in its own name; [and]

  (6) whether the entity has the right to hold and use property.

Richardson, 118 F.3d at 452; Delahoussaye, 937 F.2d at 147.

In Minton, the court held that these tests identified parish school boards as local independent agents not shielded by the state's eleventh amendment immunity, reasoning as follows:

> School boards generate funds for the operation of parish school districts through local ad valorem taxation, exercise a great deal of discretion in performing their functions and addressing their innately local concerns, have authority to sue or be sued in their own name, and can hold, use or sell property as each local board determines necessary to fulfill its obligation to the public. In view of the inherently local nature of the interests of Louisiana school boards, the wide degree of local autonomy they are granted under state law, and the predominately local source of their funding, it cannot be said either that these entities are mere arms of the state or that monetary judgments against them would represent indirect impositions on the state treasury interfering with the state's fiscal autonomy. Louisiana school boards, therefore, are not entitled to eleventh amendment immunity. . . .

(footnotes omitted). Minton, 803 F.2d at 131-132.

In Terrebonne Parish School Board v. Mobil Oil Corporation, 1989 WL 140217 (E.D. La. Nov. 9, 1989), an unpublished opinion, the Eastern District of Louisiana addressed the identical issue presented in this case. There, the Terrebonne Parish School Board ("Terrebonne") filed suit against Superior Oil Company (predecessor to Mobil Oil Corporation) in state court alleging that defendant had underpaid royalties due under a mineral lease of sixteenth section school lands. Defendant removed the suit on the basis of diversity. Terrebonne contended that it was an "arm" of the state, and that, therefore, the Eleventh Amendment deprived the federal court of jurisdiction. The court concluded that the Eleventh Amendment was inapplicable, reasoning as follows:

> Ordinarily, a Louisiana school board "is considered a citizen separate from the state itself for purposes of diversity jurisdiction." Morgan Dallas Corp. v. Orleans Parish School Bd., 302 F.Supp. 1208, 1209 (E.D.La.1969). See also Dep't of Highways of

Louisiana v. Morse Bros. & Assoc., Inc., 211 F.2d 140 (5th Cir.1954). Plaintiff does not bring this suit as the state's alter ego. Indeed, the real party in interest is the school board; it seeks to enforce a lease executed in its own name. LSA-R.S. 30:152. Any money which may be awarded in this action would be payable to plaintiff, not the state. LSA-R.S. 30:154; LSA-R.S. 41:718. The state has no direct interest in this action.

Based on the foregoing reasons, the undersigned finds that the state is not an indispensable party under Rule 19. The School Board has authority to litigate the enforcement of sixteenth section leases in its own name without joining the state as a party. LSA-R.S. 17:51 and 17:81; LSA-R.S. 30:152. Further, as recognized by the Fifth Circuit in Minton, the School Board possesses an identity sufficiently distinct from that of the State of Louisiana to place it beyond the shield of eleventh amendment immunity.

## CONCLUSION

Based on the foregoing reasons, **it is recommended** that the School Board's motion to dismiss be **DENIED** in its entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL**

**FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR. <u>DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION</u>, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this _6th_ day of June, 2000, at Lafayette, Louisiana.

*[signature]*

PAMELA A. TYNES, MAGISTRATE JUDGE
800 Lafayette Street, Suite 3400
Lafayette, Louisiana 70501
Telephone: 337/593-5160
Fax: 337/593-5171

COPY SENT:
DATE: 6/6/00
BY: Ciw
TO: Norman
Dugas
Wright
LeBlanc

COPY SENT
DATE JUN - 5 2000
BY Ard
TO tlm rw
post